**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-620-RJC
(3:04-cr-185-RJC-DCK-1)**

| | |
|---|---|
| **CARL GARY THOMAS,** ) | |
| ) | |
| **Petitioner,** ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** comes before the Court on a filing by Petitioner that he has titled as a "Motion to Vacate Rule 60, Fed. R. Civ., Petition for Writ of Coram Nobis." (Doc. No. 1). On August 16, 2016, the Clerk of this Court docketed this action as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

In the underlying criminal action in this Court, Petitioner pled guilty, on August 4, 2005, to being a felon in possession of a firearm, under 18 U.S.C. § 922(g)(1). (Crim. Case No. 3:04-cr-185-RJC-DCK-1, Doc. No. 24: Acceptance and Entry of Guilty Plea). This Court sentenced Petitioner to 41 months of imprisonment, plus three years of supervised release. Judgment was entered on May 12, 2006, and Petitioner did not appeal. (Id., Doc. No. 26: Judgment).

Petitioner served his custodial sentence and then began serving his three-year, supervised release term on May 18, 2009. See (Id., Doc. Nos. 29; 30). On July 27, 2011, and then again on December 1, 2011, this Court entered orders modifying Petitioner's conditions of supervised release. (Id.). On March 6, 2012, the probation office filed a petition for revocation of supervised release based on, among other things, new state criminal charges that had been filed against

Petitioner in Union County, North Carolina. (Id., Doc. No. 31: U.S. Probation Petition). Petitioner was convicted on state criminal charges and was then imprisoned under the custody of the North Carolina Department of Public Safety. Petitioner is currently incarcerated at Albemarle Correctional Institution in Badin, North Carolina.

On June 3, 2015, this Court revoked Petitioner's supervised release and sentenced Petitioner to a 24-month sentence, to be served consecutively to Petitioner's state sentence. (Id., Doc. No. 43: Judgment on Revocation Proceedings). Petitioner dated the instant filing April 6, 2016, and it was stamp-filed in this Court on August 16, 2016. In the three-page document, which is not on a form used for Section 2255 motions to vacate, and which is not signed under penalty of perjury, Petitioner contends that he is entitled to relief from his underlying Section 922(g) conviction in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

Because it is not clear from the face of Petitioner's filing that he intended to bring this action as a Section 2255 motion to vacate, Petitioner is first entitled to the notice and opportunity, pursuant to United States v. Castro, 540 U.S. 375 (2003), to state whether he intended to bring the action as one arising under Section 2255. Petitioner shall, therefore, have 20 days in which to inform the Court whether he would like to have this Court construe his motion as a Section 2255 petition. Furthermore, if he does wish to have this Court construe his motion as a Section 2255 petition, Petitioner needs to submit his motion on a form for bringing a Section 2255 motion to vacate, and he must sign it under penalty of perjury.

The Court further notes that Petitioner's claim under Simmons v. United States appears to be untimely under 28 U.S.C. § 2255(f)(1). Therefore, if Petitioner indicates that he does intend for this action to be construed as a Section 2255 petition, the Court will grant Petitioner the

2

opportunity to provide an explanation as to why the instant Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall, within 20 days of service of this Order, inform the Court as to whether he would like for the Court to construe his motion as a petition arising under Section 2255.

2. The Clerk of this Court shall mail Petitioner a form for Section 2255 motions to vacate, which Petitioner must fill out and sign under penalty of perjury if he seeks to bring this action as a Section 2255 motion to vacate. Furthermore, in accordance with this Order, Petitioner must assert an argument as to timeliness or for equitable tolling if he indicates that he does intend to bring this action as a Section 2255 motion to vacate.

3. If Petitioner takes no action within 20 days of service of this Order, the Court will dismiss this action without prejudice.

4. In light of this Court's Standing Order of May 22, 2012, requiring the Federal Defender of Western North Carolina to review potential Simmons claims, the Clerk shall mail this Order to the Federal Defenders of Western North Carolina. See In re Motions for post-Conviction Relief Pursuant to Simmons, 3:12mc92 (W.D.N.C. May 22, 2012).

Signed: September 22, 2016

Robert J. Conrad, Jr.
United States District Judge